IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| ROQUE "ROCKY" De La FUENTE,<br><br>PLAINTIFF,<br><br>vs.<br><br>SOUTH CAROLINA DEMOCRATIC PARTY;<br>and MARK HAMMOND,<br>SOUTH CAROLINA SECRETARY OF STATE,<br><br>DEFENDANTS. | Civil Action No.: |

### PLAINTIFF'S COMPLAINT
### FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff hereby brings this action for declaratory and injunctive relief and alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction of the subject matter of this action pursuant to Article II, §1; Article VI, and the First, Fifth, and Fourteenth Amendments of the U.S. Constitution; 28 U.S.C. §1331, 1343, 1361 and 2201 to 2202; and 42 U.S.C. §1983.
2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the real and immediate harm faced by the Plaintiff is threatened in this judicial district and at least one Defendant maintains its headquarters in this district.

### THE PARTIES

3. Plaintiff, Roque "Rocky" De La Fuente is a Hispanic registered Democratic voter and is registered with the Federal Election Commission as a Presidential candidate of the Democratic Party as of October 1, 2015. Plaintiff is a well-known business owner, and a resident of San Diego, California who meets the qualification prescribed in Article 2, Section 1 of the United States Constitution for election to office he seeks in that he is a natural-born citizen of the United States, has attained the age of 35, and has been a resident within the United States for 40 years.

4. Defendant, South Carolina Democratic Party, is one of the two major political parties in South Carolina and is the official representative entity of the Democratic National Committee in South Carolina, and is responsible for, among other things, promulgating delegate selection rules for South Carolina for the 2016 Democratic National Convention.

5. Defendant, Mark Hammond, is the Secretary of State of South Carolina and is the agent of the State of South Carolina responsible for administering elections in the State of South Carolina.

## FACTS

6. On October 1, 2015, Plaintiff, filed a statement of intent to seek the Democratic Party's nomination for President of the United States with the Federal Election Commission (hereinafter the FEC). Plaintiff immediately began organizing a nationwide campaign, hiring employees and accepting volunteers to work on his campaign as well as filing the required documents with each state's Democratic Party. Plaintiff gained nationwide recognition as a presidential candidate within less than two months after the announcement of his candidacy.

7. Within one month of filing with the FEC, he was qualified to appear on the Democratic Party Presidential Preference Primary Ballot of Alabama, Arkansas and New Hampshire.

8. On or about November 16, 2015, Plaintiff sent a request to Jaime Harrison, South Carolina Democratic Party Chairman, in which he formally requested to be placed on the Presidential Primary Ballot for the Democratic Party. In this request he enclosed the South Carolina Notice of Candidacy and Pledge, a filing fee of $2,500, a Presidential Primary Candidate's Authorized Representative(s) Certification, and a written statement indicating the specific steps his campaign is willing to take to encourage full participation in South Carolina's delegate selection process. (EXHIBIT A)

9. On December 29, 2015, Plaintiff received a letter from Jaime Harrison stating that during the December 7, 2015, meeting of the South Carolina Democratic Party's Executive Council, the Council did not approve Plaintiff's filing. (EXHIBIT B).

10. The list submitted by the Defendant Democratic Party to the South Carolina Secretary of State included Hillary Clinton, Bernie Sanders, Martin O'Malley, and Willie Wilson.

11. As of the date of this filing Plaintiff has been accepted into the Presidential Primary Ballot in 23 states and one territory (Alabama, Alaska, Arizona, Arkansas, Colorado, Democrats Abroad, Hawaii, Idaho, Kansas, Louisiana, Massachusetts, Michigan,    Minnesota, Mississippi, Missouri, Nebraska, New Hampshire, North Carolina, Ohio, Oklahoma, Texas, Utah, Vermont, and West Virginia). Plaintiff's campaign continues to seek out voters and is

confident that he will be accepted into the remaining states by early May, the final filing deadline.

## STATE ACTION

12. In order to prevail on a §1983 claim a Plaintiff must show that: (1) the conduct complained of was committed by a person acting under the color of state law: and (2) the conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981)

13. The South Carolina Democratic Party, acting under color of state law, is committing acts in violation of the 14th Amendment to the United States Constitution in determining the number and percentage of pledged delegates assigned to each candidate for the Democratic nomination for president, and to have delegates seated in those numbers and percentages at the Democratic National Party's national nominating convention, pursuant to party rule.

14. In bestowing the South Carolina Democratic Party, with the authority to determine not only the Presidential Preference Primary Ballot but also the delegates for the Democratic nomination for President of the United States, it is performing an action which is so impregnated with a governmental character as to become subject to the constitutional limitations placed upon state action. *Evans v. Newton,* 382 U.S. 296, 299 [86 S.Ct. 486, 488, 15 L.Ed.2d 373] (1966)

15. The Defendant, South Carolina Democratic Party, is subject to 42 U.S.C. § 2000d et seq., also known as Title VI of the Civil Rights Act of 1964 ( hereinafter "The Act"), in that their Presidential Preference Primary is conducted by and through the State of South Carolina, and their delegate selection process is an integral component of the electoral process.

## FIRST CAUSE OF ACTION
**Declaratory Relief – 42 U.S.C. § 1983 – Violation of the Due Process Clause**

16. The South Carolina 2016 Delegate Selection Plan, Section VI states:
    A. **Filing and Certification of Candidates for President**: A presidential candidate gains access to the South Carolina ballot by filing a statement of candidacy with the South Carolina Democratic Party. Filing opens at 9:00 AM, November 16, 2015. Filing must be completed by 12:00 noon, December, 42016. A fee of $2500.00 must accompany the statement of candidacy, payable to the South Carolina Democratic Party, by each candidate seeking access to the ballot in accordance with Section 7-11-20 (8) (2) of the S.C. Code of Laws. This $2500 fee will be counted toward the filing fee payable to the South Carolina Election Commission, which can be up to $20,000.00, as determined by the Commission. This $2500.00 fee will be required of each candidate to also accompany the

statement. The SCDP will transmit the filing fee from the candidate to the S.C. Election Commission.

Pursuant to Section 7-11-20(8)(2) of the Code of Laws of South Carolina, a candidate seeking the nomination of the Democratic Party for President of the U.S. will be certified by the SC Democratic Party to the State Election Commission as a candidate for the Democratic presidential primary. Only those candidates determined by vote of the State Party Executive Council to be generally acknowledged or recognized in news media throughout the United States as viable candidates for that office, and who are actively campaigning for the South Carolina Democratic presidential primary, will be certified.

Only those candidates about whom such determination is made by the Executive Council shall be deemed to meet the qualifications of party rules under and for purposes of Section 7-11-20(8)(2) of the Code of Laws. Additionally, no one may gain access to the South Carolina Democratic ballot unless he or she is a registered voter, is legally qualified to hold the office of President of the United States, and is entitled to obtain delegates.

17. The Defendant violated Plaintiff's rights under the Fourteenth Amendment by failing to include the name Roque "Rocky" De La Fuente on the list of candidates to be placed on the South Carolina Presidential Preference Primary Ballot for February 27, 2016.

18. Plaintiff has been harmed by the decision of the South Carolina Democratic Party, in that Democratic voters in the state of South Carolina will not be able to vote for the Plaintiff as their preference for the Democratic nominee for president, and Plaintiff will not be able to have South Carolina delegates, pledged to support his candidacy, seated at the Democratic National Convention.

19. The decision of the Executive Committee of the Democratic Party was arbitrary and capricious and their delegate selection plan was unconstitutionally vague depriving Plaintiff of due process and that plan was implemented in a manner which deprived Plaintiff of due process.

20. The South Carolina Democratic Party's decision not to include Plaintiff on its Presidential Preference Primary Ballot acts as a de facto deprivation of access to the General Presidential election process because forty-seven out of fifty states have enacted what are known as "Sore Loser laws."[1] These laws prevent a losing candidate in a party primary election from subsequently filing to run as a listed candidate in the general election as the nominee of

---

[1] M. Kang, "Sore Loser Laws and Democratic Contestation," *Georgetown Law Journal* 99, no. 4 (2013): 1013-1077, at 1050.

another party or as an independent candidate.[2] As Plaintiff has already been accepted on the ballot in twenty-four states and territories, he could no longer run an effective Independent candidate campaign. Therefore, by denying Plaintiff access to its Presidential Primary, the South Carolina Democratic Party has effectively precluded Plaintiff from receiving any votes, at any time, from any resident of South Carolina.

21. The South Carolina Democratic Party has a non-discretionary duty to prepare and approve a list of all recognized Democratic Presidential Candidates, not just the ones they favor or choose; the process they employed is so vague and ambiguous that it deprives Plaintiff of due process. The South Carolina Democratic Party has deprived the large Hispanic population of South Carolina a choice to vote for a Hispanic candidate.

## SECOND CAUSE OF ACTION
### Discrimination and Equal Protection

26. Plaintiff realleges paragraphs 1 through 25, as set forth herein.

27. The Defendants' refusal to include Plaintiff on the list of approved Presidential candidates has resulted in de facto discrimination against Plaintiff on the basis of national origin and denied him equal protection of the laws.

28. This discrimination violates 42 U.S.C. §2000d et seq., know as Title VI of the Civil Rights Act of 1964 and the Fourteenth Amendment.

29. As referenced above, the candidates which have been included on the Democratic Presidential Preference Primary ballot in South Carolina are all non-Hispanic: Hillary Clinton, Bernie Sanders, Martin O'Malley, and Willie Wilson.

30. Pursuant to the South Carolina Democratic Party's Rules the "Democratic Party on all levels should support the broadest possible registration without discrimination on grounds of race, color, creed, national origin, age, gender or sexual orientation." Article III.

31. While the Defendant, South Carolina Democratic Party, is a private organization, and may, speaking through their rules, choose to define their associational rights by limiting who can participate in any binding process leading to the selection of their delegates to their National Convention, they may not refuse to allow ballot access to a state run presidential primary election arbitrarily, where such refusal results in de facto discrimination against a candidate based on racial and national origin.

---

[2] Id.

32. Although the First Amendment of the United States Constitution protects the right of association, there are limits on this freedom which derive, in part, from Section 1981 of Title 42 of the United States Code. Further, as the Supreme Court of the United States has stated when primaries become a part of the machinery for choosing officials, state and national, as they have here, the same tests to determine the character of discrimination or abridgment should be applied to the primary as are applied to the general election. Smith v. Allwright, 321 U.S. 649, 664, 64 S. Ct. 757, 765, 88 L. Ed. 987 (1944).

33. Because the decision of the Defendant to refuse to include Plaintiff's name on the list of approved candidates to appear on the South Carolina Presidential Preference Primary Ballot on February 27, 2016, violates the rights of the Plaintiff as set forth above, the Defendant should be required to notify the South Carolina Secretary of State to include the name of the Plaintiff on the list of approved candidates to appear on the South Carolina Presidential Primary Ballot on February 27, 2016.

34. **WHEREFORE**, the Plaintiff requests that this court assume jurisdiction and enter a declaratory judgment determining the decision of the Defendant South Carolina Democratic Party, that it would not include Plaintiff's name on the list of approved candidates to appear on the South Carolina's Presidential Primary Ballot on February 27, 2016, is unconstitutional and violative of the 14th Amendment to the United States Constitution and violates 42 U.S.C. § 2000d et seq., also known as Title VI of the Civil Rights Act of 1964. Plaintiff further requests injunctive relief, preliminarily and permanently, as is appropriate to remedy the violations of Plaintiff's constitutional rights.

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 26th day of January, 2016.

Roque "Rocky" De La Fuente
5440 Morehouse Drive
Suite 45
San Diego, CA  92121
Telephone:     (858) 353-5252
Facsimile:     (858) 623-9009
roque@rocky2016.com