**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| ROUQUE "ROCKY" De La FUENTE,  )  <br>  ) <br> Plaintiff,  ) <br>  ) C/A NO.: 3:16-cv-00322-CMC <br> vs.  ) <br>  ) <br> SOUTH CAROLINA DEMOCRATIC PARTY,  ) <br> and MARK HAMMOND,  ) <br> SOUTH CAROLINA SECRETARY OF STATE  ) <br>  ) <br> Defendants.  ) <br> _____) | |

## ANSWER OF THE SOUTH CAROLINA DEMOCRATIC PARTY

Defendant, South Carolina Democratic Party ("SCDP") submits this Answer in response to Plaintiff's "First Amended Complaint for Declaratory and Injunctive Relief," On February 2, 2016 Plaintiff has filed a complaint alleging two causes of action against Defendants SCDP and Mark Hammond, South Carolina Secretary of State. On February 23, 2016, Plaintiff filed a virtually identical First Amended Complaint against the SCDP and substituted Defendants the South Carolina Election Commission ("SEC") and several members of the Commission in their official capacity only. Plaintiff's First Amended Complaint removes Mark Hammond, SC Secretary of State in the text of the Complaint but failed to conform the caption to reflect the substitution. For the reasons stated in the foregoing Answer, the SCDP respectfully urges this Court to deny all of the relief requested in the Plaintiff's First Amended Complaint.

### FOR A FIRST DEFENSE TO ALL CAUSES OF ACTION

1.  Each and every allegation of the Complaint not specifically admitted, qualified or otherwise explained herein, is denied.

## FOR A SECOND DEFENSE TO ALL CAUSES OF ACTION

2.     Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against this Defendant and should be dismissed under the Federal Rules of Civil Procedure, Rule 12(b)(6).  Defendant hereby asserts all affirmative defenses pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

## FOR A THIRD DEFENSE TO ALL CAUSES OF ACTION
### (Laches, Waiver, Estoppel)

3.     Defendants will show that Plaintiff initiated this action after an unreasonable delay and that Plaintiff's claims are barred by the doctrines of laches, waiver or estoppel.

## FOR A FOURTH DEFENSE TO ALL CAUSES OF ACTION

4.     The defenses and claims of the paragraphs above are reasserted and re-alleged fully as if set forth verbatim herein insofar as they are not inconsistent with this Defense.

5.     Defendant admits the allegations contained within paragraph 1 of the Complaint upon information and belief, inasmuch as it is alleged that this Court has subject matter jurisdiction over the causes of action set forth in paragraph one.  Any further or remaining allegations are denied and strict proof is demanded thereof.

6.     Defendant admits the allegations contained in paragraph 2 of Plaintiff's Complaint inasmuch as it is alleged that venue is proper in this judicial district.  Defendant denies that Plaintiff has suffered any harm and denies all remaining allegations and demands that strict proof be made thereof.

7.     Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 3 of Plaintiff's Complaint and therefore denies said allegations and demands that strict proof be made thereof.

8. Defendant admits the allegations contained in paragraphs 4 and 5 of Plaintiff's Complaint.

9. Defendant admits the allegations contained in paragraphs 6 and 7 of Plaintiff's Complaint upon information and belief only.

10. Defendant is without sufficient information to admit or deny the allegations set forth in paragraphs 8 and 9 of Plaintiff's Complaint and therefore denies said allegations and demands that strict proof be made thereof.

11. Defendant admits the allegations contained in paragraph 10 of Plaintiff's Complaint.

12. Defendant admits so much of paragraph 11 as to affirm and admit the authenticity of the communication attached as Exhibit B to Plaintiff's Complaint. Defendant is without sufficient information to admit or deny the remaining allegations set forth in paragraph 11 of Plaintiff's Complaint and therefore denies said allegations and demands that strict proof be made thereof.

13. Defendant admits the allegations contained in paragraph 12 of Plaintiff's Complaint.

14. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 13 of Plaintiff's Complaint and therefore denies said allegations and demands that strict proof be made thereof.

15. Paragraph 14 of Plaintiff's Complaint contains a restatement of the law or Plaintiff's understanding thereof to which no response is necessary. Defendants deny any allegations contained in paragraph 14 of Plaintiff's Complaint.

16. Defendant denies the allegations contained in paragraph 15 of Plaintiff's Complaint and demands that strict proof be made thereof.

17. Defendant denies the allegations contained in paragraph 16 of Plaintiff's Complaint and demands that strict proof be made thereof.

18. Defendant denies the allegations contained in paragraph 17 of Plaintiff's Complaint and demands that strict proof be made thereof.

19. Paragraph 18 of Plaintiff's Complaint appears to quote verbatim the South Carolina 2016 Delegate Selection Plan and sections of South Carolina State Law or Plaintiff's understanding thereof. Defendant craves reference to the actual policies and statutes and denies any allegations contained in paragraph 18 and demands that strict proof be made thereof.

20. Defendant denies the allegations contained in paragraphs 19, 20, 21, 22 and 23 of Plaintiff's Complaint and demands that strict proof be made thereof.

21. Plaintiff's Complaint omits paragraphs 24 and 25.

22. Defendant denies the allegations contained in paragraphs 26, 27 and 28 of Plaintiff's Complaint and demands that strict proof be made thereof.

23. Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 29 of Plaintiff's Complaint and therefore denies said allegations and demands that strict proof be made thereof.

24. Paragraph 30 of Plaintiff's Complaint appears to quote Article III of the South Carolina Democratic Party's rules. Defendant craves reference to the actual policies and statutes and denies any allegations contained in paragraph 30 and demands that strict proof be made thereof.

25. Paragraphs 31 and 32 of Plaintiff's Complaint contains a restatement of Plaintiff's understanding of the law to which no response is necessary. Defendants deny any allegations contained in paragraphs 31 and 32 of Plaintiff's Complaint.

26. Defendant denies the allegations contained in paragraph 33 of Plaintiff's Complaint and demands that strict proof be made thereof.

27. Defendant denies that Plaintiff is entitled to the relief requested in paragraph 34 of the Complaint and in the Prayer for Relief contained in Plaintiff's "Wherefore" paragraph.

**WHEREFORE**, Defendant SCDP prays for an Order of this Court dismissing Plaintiff's Complaint with prejudice.

RESPECTFULLY SUBMITTED,

JAMES E. SMITH, JR., P.A.

By: ___s/James E. Smith, Jr._____
James E. Smith, Jr., Esq. (Fed ID No. 6502)
Dylan W. Goff, Esq. (Fed ID No. 11587)
1422 Laurel Street
Columbia, South Carolina 29201
(803) 933-9800
(803) 933-9801 (fax)

Attorneys for Defendant SCDP

February 24, 2016
Columbia, South Carolina